Payne *v.* Gray.

---

EMMA F. PAYNE *versus* TIMOTHY B. GRAY.

Since the time when c. 272 of the Public Laws of 1864 went into effect, a complainant in a bastardy suit has been a competent witness to testify to any fact within her knowledge, essential to her case, without first having shown that, being " put on the discovery of the truth during the time of her travail, she accused the respondent of being the father of the child."

But such an accusation is a condition precedent to her right to prosecute the respondent.

ON REPORT.

WALTON, J. — The defendant in a bastardy suit cannot be held to answer, unless the complainant accused him with being the father of her child at the time of her travail. Such an accusation is a condition precedent to her right to prosecute him. (R. S., c. 97, § 6.) And it was formerly a condition precedent to her right to be a witness in the case. And, as late as 1864, she could not testify except by showing a performance of such condition, (because her accusation necessarily charged the defendant with an offence against the criminal law,) unless the defendant first offered himself as a witness. But, by the Act of March 25, 1864,

Payne *v.* Gray.

(c. 272,) this restriction is removed, and plaintiffs may now testify, notwithstanding the cause of action implies an offence against the criminal law on the part of the defendant.

Such now being the law, why is not a plaintiff in a bastardy suit a competent witness? The recent legislation, allowing parties to be witnesses, does not exclude her in terms. Why does it not remove all her disabilities the same as those of all other parties? It has removed all the disabilities resting upon the defendant in a bastardy suit. He can now be a witness in all such cases if he chooses to be. Why does it not have the same effect on the plaintiff? Why should it remove the defendant's disabilities and not hers?

The only answer we can conceive of against her right to testify, is the fact that she had less disabilities to be removed than the defendant; that the previous statutes gave her a right to testify in some cases, while the defendant had no such right in any case. But we think this is not a satisfactory answer. If the statute was broad enough to remove an entire disability, — an absolute exclusion in all cases, — we do not see why it was not sufficient to remove a partial disability.

Our conclusion is that a plaintiff in a bastardy suit is a competent witness, — that she has a right to testify to any fact within her knowledge essential to her case.

We do not decide that it is now unnecessary for a plaintiff in a bastardy suit to accuse the defendant with being the father of her child, at the time of her travail. By the very terms of the statute, such an accusation is necessary. It is one of the averments in her declaration; and, like every other material averment, it must be proved; but we hold that she is a competent witness to prove it by.

In this case, the report states that the complainant offered herself as a witness, without first showing that she had been put upon the discovery of the truth of her accusation, at the time of her travail. The defendant objected to her competency. The presiding Judge, *pro forma*, sustained the objection. Thereupon it was agreed to submit the question

to the law court; and, if the court should be of opinion that she was properly excluded, a nonsuit should be entered; otherwise the action stand for trial. We think she was not properly excluded; although, if it turns out as matter of fact, that she did not make the accusation, she must fail in her suit. *Action to stand for trial.*

APPLETON, C. J., KENT, BARROWS and DANFORTH, JJ., concurred.

*B. W. Hinckley,* for the complainant.

*C. J. Abbott,* for the respondent.